## St. John's Petition

*Samuel J. Roberts*, for petitioner.

HIRT, P. J., February 4, 1936.—On November 5, 1935, I. R. St. John was elected to the office of justice of the peace for the Borough of Edinboro for the full term of six years, ending the first Monday in January 1942. Through inadvertence, he failed to give written notice to the Prothonotary of Erie County, within 30 days of the date of his election, of his acceptance of the office to which he had been elected. On January 6, 1936, the present rule was granted on his petition to file his acceptance nunc pro tunc with the Prothonotary of Erie County. Notice of the rule was given the Attorney General, who, in

response, stated informally that, in his opinion, the provision of the act regarding acceptance is mandatory and, for want of such notice in this case, there is a vacancy in the office.

The Act of April 21, 1915, P. L. 142, sec. 1, provides:

"That every person hereafter elected to the office of justice of the peace or alderman shall, within thirty days after the election, if he intends to accept said office, give notice thereof in writing to the prothonotary of the court of common pleas of the proper county, who shall immediately certify his election and such acceptance of the office to the Secretary of the Commonwealth, under his hand and seal of office, together with the name of the township, borough, city, or ward for which such justice or alderman is elected and has accepted, the name of the person succeeded, and the cause of the vacancy; whereupon the Governor shall commission, for the full term, such persons as shall appear to be duly elected and accepting; and no commission shall issue until the Secretary of the Commonwealth has received the certificate aforesaid."

We can agree that the provision of the above act of assembly is mandatory, but whether failure to file an acceptance creates a vacancy in the office is another question. In our opinion the necessity for acceptance of the office is doubtful. The office of justice of the peace is a constitutional office, and the amendment of November 2, 1909, article v, sec. 11, in part provides:

"Except as otherwise provided in this Constitution, justices of the peace or aldermen shall be elected in the several wards, districts, boroughs or townships, by the qualified electors thereof, at the municipal election, in such manner as shall be directed by law, and shall be commissioned by the Governor for a term of six years."

The above act of assembly is a nullity if it imposes a limitation, condition or exception upon the clear mandate of the Constitution, regardless of whether the phrase "except as otherwise provided in this constitution" ap-

plies both to the election and the commissioning of a justice of the peace. On any view, however, we are unable to grant effective relief on the present petition.

And now, February 4, 1936, the rule granted on January 6, 1936, is discharged.